# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Video Enhancement Solutions, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> Denon Electronics (USA), L.L.C., et al., <br><br> Defendants. <br><br> AND <br><br> Video Enhancement Solutions, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> Creative Labs, Inc., et al., <br><br> Defendants. | Civil Action No. 1:09-cv-03391-JOF <br><br><br><br><br><br><br><br> Civil Action No. 1:10-cv-00748-JOF <br><br><br> **JURY TRIAL DEMANDED** |
| Funai Corporation, Inc., <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> Video Enhancement Solutions, L.L.C., Acacia Patent Acquisition LLC, and Acacia Research Corporation, <br><br> Counterclaim Defendants. | |

## DEFENDANT FUNAI CORPORATION, INC.'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

Defendant Funai Corporation, Inc. ("Funai") hereby answers the First Amended Complaint brought by Plaintiff Video Enhancement Solutions, L.L.C. ("VES").

With respect to the allegations made in VES's First Amended Complaint, Funai states as follows:

### Nature of the Action

1.      Funai admits that this action purports to be based on infringement of U.S. Patent Nos. 7,397,965 ("the '965 patent") and 7,492,960 ("the '960 patent"). Funai admits that the '965 patent bears on its face an issue date of July 8, 2008. Funai notes that paragraph 1 appears to contain a typographical error, as the '965 patent is entitled "Method of Reducing a Blocking Artifact When Coding Moving Picture," not "Method of Encoding a Blocking Artifact When Coding Moving Picture." Funai admits that the '960 patent bears on its face an issue date of February 17, 2009. Funai notes that paragraph 1 appears to contain a typographical error, as the '960 patent is entitled "Method of Reducing a Blocking Artifact When Coding Moving Picture," not "Method of Encoding a Blocking Artifact When Coding Moving Picture." Except as expressly admitted, Funai denies the allegations in paragraph 1.

## The Parties

2.     Funai admits that VES is organized and existing under the laws of Texas.  On information and belief, Funai denies that VES's principal place of business is located within this District.  Funai lacks knowledge or information sufficient to form a belief as to the truth of the remainder of VES's averments in paragraph 2 of the First Amended Complaint, and therefore denies the same.

3.     Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

4.     Funai admits that it is a corporation organized and existing under the laws of the State of New Jersey and that it has a principal place of business located in Torrance, California.  Funai further admits that its registered agent for service of process is correctly identified in paragraph 4 of the First Amended Complaint.

5.     Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

6.     Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

7.     Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

8.      Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

9.      Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

10.     Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

11.     Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

### Jurisdiction and Venue

12.     Funai admits that this Court has subject matter jurisdiction over actions for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338.

13.     Funai admits that this Court has personal jurisdiction over it for the purposes of this litigation only.  Funai lacks knowledge or information sufficient to form a belief as to this Court's personal jurisdiction over any other defendant, and therefore denies the same.

14.     Funai admits that, with regard to Funai, venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and/or 1400.  Funai lacks knowledge or information sufficient to form a belief as to the propriety of venue in this Court with regard to any other defendant, and therefore denies the same.

## Operative Facts
## The Patents-in-Suit

15.    Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

16.    Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

17.    Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

18.    Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

19.    Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

20.    Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

21.    Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

22.    Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

23.    Funai admits that paragraph 23 contains a verbatim quotation of claim 1 of the '965 patent as attached to the amended complaint as Exhibit A.

24.    Funai admits that paragraph 24 contains a verbatim quotation of claim 1 of the '960 patent as attached to the amended complaint as Exhibit B.

### The [Allegedly] Infringing Products
### Defendant Creative's Products

25.    Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

26.    Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

27.    Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

### Defendant Funai's Products

28.    Funai admits that it sells or offers for sale video players and other products from its offices in California and New Jersey.  Funai denies that it currently manufactures, uses, offers for sale or sells the DP170SL8.  In all other respects, except as expressly admitted, the allegations in paragraph 28 are denied.

29.    Denied.

30.    Denied.

### Defendant Panasonic's Products

31.    Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

32.    Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

33.    Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

### Defendant Philips' Products

34.    Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

35.    Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

36.    Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

### Defendant Pioneer's Products

37.    Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

38.    Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

39.    Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

**Defendant RIM's Products**

40.    Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

41.    Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

42.    Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

**Defendant Samsung's Products**

43.    Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

44.    Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

45.    Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

**Defendant Seagate's Products**

46.    Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

47.    Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

48.    Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

## Defendant Sony's Products

49.    Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

50.    Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

51.    Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

52.    Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

## COUNT ONE
## Creative's [Alleged] Infringement of the '965 Patent

53.    Funai incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

54.    Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

55.    Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

## COUNT TWO
### Creative's [Alleged] Infringement of the '960 Patent

56.    Funai incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

57.    Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

58.    Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

## COUNT THREE
### Funai's [Alleged] Infringement of the '965 Patent

59.    Funai incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

60.    Denied.

61.    Denied.

## COUNT FOUR
### Funai's [Alleged] Infringement of the '960 Patent

62.    Funai incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

63.    Denied.

64.    Denied.

## COUNT FIVE
**Panasonic's [Alleged] Infringement of the '965 Patent**

65.    Funai incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

66.    Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

67.    Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

## COUNT SIX
**Panasonic's [Alleged] Infringement of the '960 Patent**

68.    Funai incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

69.    Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

70.    Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

## COUNT SEVEN
**Philips's [Alleged] Infringement of the '960 Patent**

71.    Funai incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

72.     Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

73.     Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

## COUNT EIGHT
### Philips's [Alleged] Infringement of the '965 Patent

74.     Funai incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

75.     Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

76.     Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

## COUNT NINE
### Pioneer's [Alleged] Infringement of the '960 Patent

77.     Funai incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

78.     Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

79.     Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

## COUNT EIGHT [*sic*]
### Pioneer's [Alleged] Infringement of the '965 Patent

80.    Funai incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

81.    Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

82.    Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

## COUNT NINE [*sic*]
### RIM's [Alleged] Infringement of the '965 Patent

83.    Funai incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

84.    Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

85.    Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

## COUNT TEN
### RIM's [Alleged] Infringement of the '960 Patent

86.    Funai incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

87.    Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

88.    Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

## COUNT ELEVEN
### Samsung's [Alleged] Infringement of the '965 Patent

89.    Funai incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

90.    Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

91.    Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

## COUNT TWELVE
### Samsung's [Alleged] Infringement of the '960 Patent

92.    Funai incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

93.    Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

94.    Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

## COUNT THIRTEEN
### Seagate's [Alleged] Infringement of the '965 Patent

95.    Funai incorporates by reference its responses to the foregoing
paragraphs as if fully set forth herein.

96.    Denied.  Funai lacks knowledge or information sufficient to form a
belief as to the truth of VES's averments.

97.    Denied.  Funai lacks knowledge or information sufficient to form a
belief as to the truth of VES's averments.

## COUNT FOURTEEN
### Seagate's [Alleged] Infringement of the '960 Patent

98.    Funai incorporates by reference its responses to the foregoing
paragraphs as if fully set forth herein.

99.    Denied.  Funai lacks knowledge or information sufficient to form a
belief as to the truth of VES's averments.

100.   Denied.  Funai lacks knowledge or information sufficient to form a
belief as to the truth of VES's averments.

## COUNT FIFTEEN
### Sony's [Alleged] Infringement of the '965 Patent

101.   Funai incorporates by reference its responses to the foregoing
paragraphs as if fully set forth herein.

102.   Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

103.   Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

## COUNT SIXTEEN
### Sony's [Alleged] Infringement of the '960 Patent

104.   Funai incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

105.   Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

106.   Denied.  Funai lacks knowledge or information sufficient to form a belief as to the truth of VES's averments.

## Response to Prayer for Relief

Funai respectfully requests that the Court deny or dismiss the claims in the complaint, that VES take nothing, and that Funai be awarded its costs incurred herein.

## Demand for Jury Trial

Funai demands a jury trial on all issues so triable.

## AFFIRMATIVE DEFENSES

Funai, while reserving the right to assert all other applicable defenses as discovery proceeds, asserts the following defenses:

### First Affirmative Defense
### (Failure To State a Claim)

VES's claims are barred for failure to state a claim upon which relief can be granted.

### Second Affirmative Defense
### (Non-Infringement of the VES Patents)

Funai has not infringed, and does not presently infringe, either literally or under the doctrine of equivalents, any valid or enforceable claim of the '965 or '960 patent, either directly or indirectly by contribution, inducement, or otherwise.

### Third Affirmative Defense
### (Invalidity of the VES Patents)

The claims of the '965 and '960 patents are invalid and unenforceable for failure to comply with one or more of the conditions for patentability, including but not limited to those set forth, *inter alia*, in 35 U.S.C. §§ 101, 102, 103, and 112.

**Fourth Affirmative Defense**
**(Prosecution History Estoppel)**

VES is estopped from construing or interpreting the claims of the '965 and '960 patents to cover any acts of Funai by reason of proceedings in the United States Patent and Trademark Office ("PTO") during prosecution upon which the patents issued, and the admissions and representations made therein to the PTO on behalf of the applicants.

**Fifth Affirmative Defense**
**(Waiver, Equitable Estoppel, Laches, and Unclean Hands)**

On information and belief, VES's claims for recovery are barred, in whole or in part, by the doctrines of express waiver, implied waiver, equitable estoppel, laches and/or unclean hands.

**Sixth Affirmative Defense**
**(Limitation on Recovery, Failure To Mark, and Failure To Disclaim)**

On information and belief, VES's claims for recovery are barred or limited, in whole or in part, by 35 U.S.C. § 286 (no recovery for alleged infringements more than six years prior to the filing of the complaint) and/or 35 U.S.C. § 287 (failure to mark) and/or 35 U.S.C. § 288 (failure to disclaim invalid claims).

**Seventh Affirmative Defense**
**(License, Exhaustion, Release, and Payment)**

On information and belief, VES's claims for recovery are barred, in whole

or in part, under the doctrines of express license, patent exhaustion, implied

license, release, and/or payment.

**Eighth Affirmative Defense**
**(Standing)**

VES lacks standing to assert its patent infringement claims, and/or VES

failed to join a required party under Rule 19.

**Ninth Affirmative Defense**
**(Prosecution Laches)**

VES's patent infringement claims are barred, in whole or in part, by the

doctrine of prosecution laches.

**Tenth Affirmative Defense**
**(Inconvenient Venue)**

This action should be transferred to a more convenient venue under 28

U.S.C. § 1404.

## <u>COUNTERCLAIMS</u>

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Counterclaim

Plaintiff Funai Corporation, Inc.  ("Funai") asserts the following Counterclaims

against Plaintiff and Counterclaim Defendant Video Enhancement Solutions, L.L.C. ("VES"), Counterclaim Defendant Acacia Patent Acquisition LLC ("Acacia Patent"), and Counterclaim Defendant Acacia Research Corporation ("Acacia Research") (collectively "Acacia"):

1.     These Counterclaims are for declaratory judgment under 28 U.S.C. § 2201 *et seq.*, that United States Patent Nos. 7,397,965 ("the '965 patent") and 7,492,960 ("the '960 patent") are invalid and have not been infringed by Funai.

**The Parties**

2.     Funai is a corporation organized under the laws of the State of New Jersey.  Funai has a principal place of business at 19900 Van Ness Avenue, Torrance, California  90501.

3.     Funai is in the business of marketing and selling consumer electronics products, including DVD players, that are designed and manufactured by its parent company in Japan, Funai Electric Co., Ltd. ("Funai Electric").

4.     Funai Electric is a licensee of the AVC/H.264 patent pool.  Through membership in this pool, Funai Electric and Funai have a contractual, worldwide, nonexclusive license to manufacture, market, and sell products that practice the '965 patent and the '960 patent, among others.

5.     VES is the entity that filed a Complaint on or about March 15, 2010, and a First Amended Complaint on or about March 19, 2010.  In the First Amended Complaint, VES alleges in paragraph 2 that it is a Texas limited liability company.  VES has represented its principal business address to the United States Patent and Trademark Office ("PTO") as 500 Newport Center Drive, 7th Floor, Newport Beach, California  92660.  VES has represented its principal business address to the States of Texas and Georgia as 6136 Frisco Square Boulevard, 4th Floor, Frisco, Texas  75034.  VES has represented its principal business address to this Court as 3355 Lenox Road, Suite 750, Atlanta, Georgia  30326.

6.     On information and belief, VES has no office at 3355 Lenox Road, Suite 750, Atlanta, Georgia  30326.

7.     On information and belief, VES is not a tenant of 6136 Frisco Square Boulevard, 4th Floor, Frisco, Texas  75034.

8.     On information and belief, VES engages in no activity other than holding the patents-in-suit and litigating infringement actions thereon.

9.     On information and belief, VES has no corporate officers or employees that are not corporate officers or employees of Acacia.  Paul R. Ryan, Chairman and Chief Executive Officer of Acacia, signed VES's application to do business in the State of Georgia.  David White, Senior Vice President of Acacia's

Business Development and Licensing division, represented to this Court and to the

PTO that he is Senior Vice President of VES.  Cheryl Willeford, Acacia's Senior

Corporate Paralegal, signed VES's certificate of incorporation in Texas.  No other

individual has claimed to be a corporate officer or employee of VES.

     10.    Acacia Patent is a Delaware limited liability company and a wholly

owned subsidiary of Acacia Research.  Acacia Patent wholly owns numerous

"operating subsidiaries" of Acacia Research.  Acacia Patent is the sole governing

member of VES.  Acacia Patent has represented to the State of Georgia that its

business address is 500 Newport Center Drive, 7th Floor, Newport Beach,

California  92660.

     11.    On information and belief, Acacia Patent engages in no business

activity other than acting as a parent corporation to numerous operating

subsidiaries, like VES, who hold patents owned by Acacia for purposes of

licensing and litigation.

     12.    Acacia Research is a Delaware Corporation with its principal place of

business at 500 Newport Center Drive, 7th Floor, Newport Beach, California

92660.  Acacia Research is in the business of acquiring, enforcing, and licensing

patents – by litigation or threat of litigation – through its network of wholly owned

subsidiaries.

13.     On information and belief, VES and Acacia Patent are both alter egos of each other and of Acacia Research.

14.     Other courts, including the Northern District of California and the District of Minnesota, have treated Acacia Research's subsidiaries as alter egos of Acacia.

15.     On information and belief, Acacia has failed to adhere to corporate formalities.  Acacia has never paid dividends and states that it does not plan to pay dividends in the future.

16.     On information and belief, VES is completely dominated by its sole member, Acacia Patent.

17.     On information and belief, Acacia Patent is completely dominated by its sole member, Acacia Research.

18.     On information and belief, Acacia is governed by a single set of corporate officers, who perform identical functions for Acacia Research, Acacia Patent, and VES.

**Jurisdiction and Venue**

19.     These Counterclaims arise under the Patent Act, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*  This Court has

subject-matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331,

1338(a), and 2201(a).

20.    Through the Complaints filed by alter ego VES, Acacia has availed

itself of this forum and is therefore subject to personal jurisdiction in this District.

21.    To the extent that venue is proper in connection with VES's first

amended complaint, it is equally proper for this counterclaim under 28 U.S.C.

§§ 1391 and 1400.  Funai asserts, however, that the Central District of California is

a substantially more convenient venue than this District and venue is proper there.

**COUNT I**
**(Declaratory Judgment of Non-Infringement:  U.S. Patent No. 7,397,965)**

22.    Funai incorporates and re-alleges the foregoing allegations as if fully

set forth herein.

23.    VES has alleged in this action that Funai has infringed U.S. Patent

No. 7,397,965 ("the '965 patent").  Funai denies that it has infringed the '965

patent.

24.    There accordingly is an actual, immediate, and justiciable controversy

between the parties.

25.    Funai is entitled to a declaration by the Court that it has not infringed

and is not infringing any claim of the '965 patent.

26.     Funai is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT II
### (Declaratory Judgment of Non-Infringement:  U.S. Patent No. 7,492,960)

27.     Funai incorporates and re-alleges the foregoing allegations as if fully set forth herein.

28.     VES has alleged in this action that Funai has infringed U.S. Patent No. 7,492,960 ("the '960 patent").  Funai denies that it has infringed the '960 patent.

29.     There accordingly is an actual, immediate, and justiciable controversy between the parties.

30.     Funai is entitled to a declaration by the Court that it has not infringed and is not infringing any claim of the '960 patent.

31.     Funai is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT III
### (Declaratory Judgment of Invalidity:  U.S. Patent No. 7,397,965)

32.     Funai incorporates and re-alleges the foregoing allegations as if fully set forth herein.

33.    VES has alleged in this action that Funai has infringed U.S. Patent
No. 7,397,965 ("the '965 patent").  Funai denies that it has infringed the '965
patent.

34.    The '965 patent is invalid for failure to comply with one or more
requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

35.    There accordingly is an actual, immediate, and justiciable controversy
between the parties.

36.    Funai is entitled to a declaration by the Court that one or more claims
of the '965 patent are invalid.

37.    Funai is entitled to further necessary or proper relief based on the
Court's declaratory judgment or decree.

## COUNT IV
### (Declaratory Judgment of Invalidity:  U.S. Patent No. 7,492,960)

38.    Funai incorporates and re-alleges the foregoing allegations as if fully
set forth herein.

39.    VES has alleged in this action that Funai has infringed U.S. Patent
No. 7,492,960 ("the '960 patent").  Funai denies that it has infringed the '960
patent.

40.    The '960 patent is invalid for failure to comply with one or more
requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

41.    There accordingly is an actual, immediate, and justiciable controversy
between the parties.

42.    Funai is entitled to a declaration by the Court that one or more claims
of the '960 patent are invalid.

43.    Funai is entitled to further necessary or proper relief based on the
Court's declaratory judgment or decree.

## PRAYER FOR RELIEF

**WHEREFORE**, Funai respectfully requests that the Court enter judgment
ordering as follows:

(a)    adjudicating and declaring that Funai has not infringed any asserted
claim of the '965 or '960 patent;

(b)    adjudicating and declaring that the '965 and '960 patents are invalid;

(c)    if the facts demonstrate that this case is exceptional within the
meaning of 35 U.S.C. § 285, awarding Funai reasonable attorneys'
fees and costs reasonably incurred in litigating this action; and

(d)    granting Funai such other and further relief as the Court deems just
and appropriate.

Respectfully submitted,

/s/Steven M. Kushner
Steven M. Kushner
Georgia Bar No. 4301510
Christina M. Baugh
Georgia Bar No. 241880
FELLOWS LABRIOLA LLP
Peachtree Center
Suite 2300 South Tower
225 Peachtree Street, N.E.
Atlanta, GA  30303
Tel:  (404) 586-9200
Fax:  (404) 586-9201
skushner@fellab.com

John Christopher Rozendaal
jrosendaal@khhte.com
Michael E. Joffre
mjoffre@khhte.com
Melanie L. Bostwick
mbostwick@khhte.com
KELLOGG, HUBER, HANSEN, TODD,
  EVANS & FIGEL, P.L.L.C.
1615 M Street NW, Suite 400
Washington, D.C.  20036
Tel:  (202) 326-7900
Fax:  (202) 326-7999
jrozendaal@khhte.com

*Counsel for Defendant Funai Corporation, Inc.*

## CERTIFICATE OF SERVICE

I certify that this day, I electronically filed the foregoing with the clerk's

office CM/ECF system, which will send email notification to the following counsel

of record:

Bryan Guy Harrison
bharrison@mmmlaw.com
John Philip Fry
William Andrew McNeil
amcneil@mmmlaw.com
Morris Manning & Martin
*Attorneys for Plaintiff Video
Enhancement Solutions, L.L.C.*

A. James Ibester
jibester@townsend.com
Megan M. Chung
mmchung@townsend.com
Townsend and Towsend and Crew
*Attorneys for Defendant
Epson America, Inc.*

Leah J Poynter
ljpoynter@duanemorris.com
Louis Norwood Jameson
wjameson@duanemorris.com
William Arthur Capp
bcapp@duanemorris.com
Duane Morris
*Attorneys for Defendant
Seagate Technology LLC*

Dale Lischer
dlischer@sgrlaw.com
Dana Troy Hustins
dhustins@sgrlaw.com
Elizabeth G. Borland
egborland@sgrlaw.com
Smith Gambrell & Russell
*Attorneys for Defendant
Epson America, Inc.*

Nicholas J. Gingo
ngingo@rennerotto.com
Todd R. Tucker
ttucker@rennerotto.com
Renner Otto Boisselle & Sklar
*Attorneys for Defendant
Onkyo U.S.A. Corporation*

John Hinton, IV
jhinton@bakerdonelson.com
Linda Ann Klein
lklein@bakerdonelson.com
Michael Joseph Powell
mpowell@bakerdonelson.com
Baker Donelson, Bearman,
   Caldwell & Berkowitz, P.C.
*Attorneys for Defendant
Onkyo U.S.A. Corporation*

John L. Taylor, Jr.
jtaylor@ctflegal.com
Cheralynn M. Gregoire
cgregoire@ctflegal.com
Chorey Taylor & Feil
*Attorneys for Defendant*
*Yamaha Electronics Corporation*

Michael J. Fink
mfink@gbpatent.com
P. Branko Pejic
bpejic@gbpatent.com
Nathan J. Bailey
Greenblum & Bernstein, P.L.C.
*Attorneys for Defendant*
*Pentax of America, Inc.*

Richard A. Mitchell
richard.mitchell@agg.com
Arnall Golden & Gregory
*Attorneys for Defendant*
*Denon Electronics (USA), L.L.C.*
*And Funai Corporation, Inc.*

Christine E. Bestor
Christine.bestor@kattenlaw.com
Sharyn M. Castle
Sharyn.castle@kattenlaw.com
Michael A. Dorman
Michael.doran@kattenlaw.com
Timothy J. Vezeau
Timothy.vezeau@kattenlaw.com
Katten Muchin Rosenman, LLP
*Attorneys for Defendant*
*TEAC America, Inc.*

Edward Marshall
Edward.marshall@agg.com
Arnall Golden & Gregory
*Attorneys for Defendant*
*Funai Corporation, Inc.*

Evan Finkel
Evan.finkel@pillsburylaw.com
Mark R. Kendrick
Christopher Jackson
*Attorneys for Defendant*
*Yamaha Electronics Corporation*

Mary Diane Owens
Diane.owens@swiftcurrie.com
Swift Currie McGhee & Hiers
*Attorneys for Defendant*
*Pentax of America, Inc.*

Cynthia Renee Parks
cparks@parksiplaw.com
Parks Knowlton, LLC
*Attorneys for Defendant Panasonic*
*Corporation of North America, Inc.*

Sharon Audrey Israel
sisreal@mayorbrown.com
Mayor Brown, LLP
*Attorneys for Defendant Philips*
*Electronics North America Corp.*

Mickki Dewitt Murray
mmurray@parksiplaw.com
Alston & Bird, LLP
*Attorneys for Defendant Panasonic*
*Corporation of North America, Inc.*

Steven Lee Park
Steven.park@finnegan.com
Kilpatrick Stockton
*Attorneys for Defendant Research*
*In Motion Limited (USA)*

Daniel Arthur Kent
dan@kentiplit.com
Fish & Richardson, P.C.
*Attorneys for Defendant Samsung*
*Electronics USA, Inc.*

Constance Baker Jones
Constance.jones@finnegan.com
Finnegan Henderson Farabow Garrett &
Dunner
*Attorneys for Defendant Sony*
*Electronics, Inc.*

Roger Dale Taylor
Roger.taylor@finnegan.com
Finnegan Henderson Farabow Garrett &
Dunner
*Attorneys for Defendant Research*
*In Motion Limited (USA)*

I further certify that I have this day served a true and correct copy of the

forgoing by U.S. Mail with adequate postage thereon and addressed as follows:

Karl J. Kramer
Richard S. Ballinger
Morrison & Foerster, LLP
755 Page Mill Road
Palo Alto , CA 94304-1018
*Attorneys for Defendant*
*Denon Electronics (USA), L.L.C.*

Daniel R. Foster
Fay Morisseau
Christopher D. Bright
David Chase
McDermott Will & Emery
18191 Von Karman Avenue, Suite 500
Irvine, CA  92612-0187
*Attorneys for Defendants Panasonic*
*Corporation of North America, Inc.*
*and Pioneer Electronics*

Respectfully submitted, this 27th day of April, 2010.

s/Steven M. Kushner
Steven M. Kushner